**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWIN T. LIMBRICK,

        Petitioner - Appellant,

v.

BRYAN M. ANTONELLI, Warden,

        Respondent - Appellee.

No. 17-6191
(D.C. No. 5:17-CV-00605-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Petitioner Edwin Limbrick, an inmate at the Federal Correctional Institution in El Reno, Oklahoma, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1996, Petitioner was convicted in the U.S. District Court for the Eastern District of Texas of conspiring to obstruct interstate commerce by robbery, obstructing interstate commerce by robbery, and using or carrying a firearm (or aiding and abetting the use or carrying of a firearm) during a crime of violence. The Fifth Circuit affirmed his convictions and sentences. Petitioner thereafter filed a 28 U.S.C. § 2255 motion in the Eastern District of Texas, which the court denied.

In 2011 and 2014, he filed additional § 2255 motions, both of which were denied without prejudice for lack of jurisdiction because Petitioner had not received certification from the Fifth Circuit prior to filing his successive § 2255 motions.

In 2017, Petitioner filed the instant petition for § 2241 relief in the Western District of Oklahoma, contending that he was entitled to relief based on recent Supreme Court decisions in *Rosemond v. United States*, 134 S. Ct. 1240 (2014), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). Although he acknowledged that a challenge to the legality of a conviction must generally be brought under § 2255 in the jurisdiction where the conviction and sentence were entered, he argued that he was entitled to relief under § 2241 because the remedy provided by § 2255 was inadequate or ineffective to test the legality of his detention.

The magistrate judge concluded, and the district court agreed, that Petitioner had failed to show that the remedy provided under § 2255 was

-2-

inadequate or ineffective. He had not shown, for instance, that he was or would have been unable to obtain permission from the Fifth Circuit to file a successive § 2255 motion after the Supreme Court made *Johnson* retroactive on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016), assuming *Johnson* was actually applicable to his claims. The district court therefore dismissed the § 2241 action without prejudice for lack of jurisdiction.

We see no error in this decision. For substantially the same reasons stated by the magistrate judge and district court, we **AFFIRM** the dismissal of this action for lack of jurisdiction. Petitioner's motion to proceed *in forma pauperis* on appeal is **DENIED**.

Entered for the Court

Monroe G. McKay
Circuit Judge